IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ONTARIO A. DAVIS

                Petitioner,                OPINION AND ORDER

     v.                                        3:07-cv-667-bbc

STEVEN B. CASPERSON, MATTHEW
J. FRANK, PETER HUIBREGTSE,
GERALD BERGE, TIM HAINES, LINDA
HODDY-TRIPP, BRAIN KOOL, ELLEN
K. RAY, MARLA K. WAITERS, HRUDKA,
TRACY GERBER, GARY BLACKBOUGN,
SGT. FLANNERY, C.O. PHETTEPLACE,
C.O. WETTER, C.O. FRIEDRICH, C.O.
HILGER, WILLIAM POLLARD, GARY
McCAUGHTRY, CATHY A. JESS,
CAPTIAN MURASKI, CAPTAIN
SCHUELER, D. STRAHOTA and J.
O'DONOVAN,

                Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a proposed civil action for monetary, declaratory and injunctive relief brought pursuant to 42 U.S.C. § 1983. Petitioner Ontario Davis is a prisoner at the Wisconsin Secure Program Facility in Boscobel, Wisconsin. He seeks leave to proceed <u>in forma pauperis</u> and has made his initial partial payment in accordance with 28 U.S.C. § 1915.

1

Because petitioner is a prisoner, I am required under the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A.

A review of petitioner's complaint shows that I may not allow him to proceed because each of his claims either fails to give respondents the notice required by Fed. R. Civ. P. 8 or fails to state a claim upon which relief may be granted. Although petitioner's complaint is 19 pages long, it can be summarized much more briefly. (Attached to those 19 pages is a large stack of grievance materials, which I have not considered.) In a nutshell, petitioner alleges that respondents Shueler and Muraski "initiated a conspiracy," Cpt. #1, at ¶15, to have petitioner placed in administrative confinement and that the remaining respondents joined, "continued" or acted "in furtherance of the conspiracy," id. at ¶¶ 19, 22, 25-34, 37, 40-44, 46, 48, 50-52, 55, 59, 72-84 and 93, by retaining him in administrative confinement.

There are multiple problems with petitioner's allegations. The first is that there is no cause of action for "conspiracy" by itself; it is simply a manner of holding the defendants jointly liable for a violation of the law. Jones v. City of Chicago, 856 F.2d 985, 992 (7th Cir. 1988). To state a claim, petitioner must identify the wrong committed; "adding the word 'conspiracy,' . . . adds nothing." Stanley v. Litscher, 213 F.3d 340, 343 (7th Cir. 2000). Because "conspiring" to place petitioner in administrative confinement is not a

2

violation of the law in and of itself, he has not stated a claim upon which relief may be granted.

Petitioner does attach legal theories to the alleged conspiracy at various places in his complaint, but these attempts to state a claim fail for different reasons. First, petitioner says that his placement in administrative confinement violated his right to due process. But petitioner would be entitled to process under the Constitution only if his liberty were restricted so greatly that he experienced an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Generally, time in administrative segregation does not trigger the protections of the due process clause because it "is the sort of confinement that inmates should reasonably anticipate." Hewitt v. Helms, 459 U.S. 460, 468 (1983); see also Lekas v. Briley, 405 F.3d 602, 609 (7th Cir. 2005) ("[I]n every state's prison system, any member of the general prison population is subject, without remedy, to assignment to administrative segregation or protective custody at the sole discretion of prison officials."); Hoskins v. Lenear, 395 F.3d 372, 375 (7th Cir. 2005); Wagner v. Hanks, 128 F.3d 1173, 1176 (7th Cir. 1997); Crowder v. True, 74 F.3d 812, 815 (7th Cir. 1996) (holding that placement of prisoner in nondisciplinary segregation for three months did not constitute deprivation of liberty interest); Meriwether v. Faulkner, 821 F.2d 408, 414 (7th Cir. 1987) ("Given the broad uses of administrative segregation . . . inmates should reasonably anticipate being confined in

3

administrative segregation at some point during their incarceration.").

Even if I assumed that petitioner was subjected to conditions so severe that they were atypical and significant, he fails to identify any process he was due but failed to receive. Under Wilkinson v. Austin, 545 U.S. 209, 225-26 (2005), prisoners "must receive notice of the factual basis leading to consideration for . . . placement [in a supermaximum facility] and a fair opportunity for rebuttal." Petitioner does not suggest that he failed to receive notice of the reasons for his placement in administrative confinement or an opportunity for rebuttal. Although he alleges throughout his complaint that the evidence against him was false, that it is not enough. Lagerstrom v. Kingston, 463 F.3d 621, 624-25 (7th Cir. 2006) ("The fact (if it were true) that the evidence against Lagerstrom had been made up would similarly not cast doubt on the basic procedures that were followed. . . Lagerstrom received all the process he was due.")

In a few paragraphs of his proposed complaint, petitioner uses the word "retaliation." Cpt., dkt. #1, at ¶¶10, but it is far from clear which actions petitioner believes were retaliatory. Even if I assumed that petitioner meant to allege that *all* of the respondents were retaliating against him, this would not get him very far because he does not identify the basis for that retaliation. Prisoners may bring an action for retaliation under § 1983 only when the retaliation occurs in response to the prisoner's exercise of a constitutional right. DeWalt v. Carter, 224 F.3d 607, 618 (7th Cir. 2000). To satisfy Rule 8, petitioner must do more

4

than say the word "retaliation" in his complaint. Rather, petitioner must identify the constitutionally protected conduct in which he engaged. EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 781 (7th Cir. 2007).

The closest petitioner comes to doing this is in paragraph 38, in which he alleges that he "was retaliated against at both level hearings (para. 30 and 35-37) by being retained on level three, for exercising his First Amendment right to petition, ie, . . .file grievances and lawsuits." That is not sufficient. Petitioner must "identif[y] the suit or the act or acts claimed to have constituted retaliation." Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002). If petitioner believes he has a retaliation claim, he will have to file an amended complaint that complies with Rule 8.

Petitioner has one other claim in his complaint but it is legally frivolous. He alleges that he is forced to "sleep with [his] head towards the toilet and desk" and that he must use his "towels to both wipe/wash his bod[y] and clean/mop up water in [his] cel[l]." The Eighth Amendment prohibits cruel and unusual punishment, which the Supreme Court has defined to mean that prisoners are entitled to the "minimal civilized measure of life's necessities," Rhodes v. Chapman, 452 U.S. 337, 347 (1981), and that prison officials may not subject prisoners to substantial risks of serious harm, Farmer v. Brennan, 511 U.S. 825 (1994). Thus, prison officials must provide prisoners with food, shelter, safety and health care. However, prisoners are not entitled to comfortable conditions. Rhodes, 452 U.S. at 349.

Although petitioner's accommodations may be less than desirable, they do not deprive him of life's necessities or subject him to a substantial risk of serious harm.

ORDER

IT IS ORDERED that

1. Petitioner Ontario Davis's complaint is DISMISSED WITH PREJUDICE with respect to his claims that respondents denied him due process and subjected him to cruel and unusual punishment for petitioner's failure to state a claim upon which relief may be granted.

2. Petitioner's complaint is DISMISSED WITHOUT PREJUDICE with respect to his claim that respondents retaliated against him for exercising his constitutional right of access to the courts for petitioner's failure to comply with Fed. R. Civ. P. 8.

3. Petitioner may have until January 16, 2008, in which to submit an amended complaint that identifies (a) any respondents that petitioner believes retaliated against him and (b) any constitutionally protected conduct that motivated the alleged retaliation. Petitioner should not include in his amended complaint any allegations about his claims that he was denied due process and subjected to cruel and unusual punishment.

4. If petitioner fails to respond by January 16, 2008, I will close the case.

5. In accordance with <u>George v. Smith</u>, 507 F.3d 605 (7th Cir. 2007), a strike is

recorded against petitioner under 28 U.S.C. § 1915(g) because I dismissed two of petitioner's claims under 28 U.S.C. § 1915A.

Entered this 31st day of December, 2007.

>BY THE COURT:
>/s/
>BARBARA B. CRABB
>District Judge