IN THE UNITED STATES DISTRICT COUR

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ONTARIO A. DAVIS

                          Plaintiff,                                    ORDER

       v.                                                  07-cv-667-bbc

TIM HAINES and ELLEN K. RAY,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiff has filed a motion for reconsideration of aspects of the original screening order in this case, more than three months after the order was issued. The motion must be denied because the order plaintiff is challenging involved the screening of a complaint that is no longer the operative pleading in the case.

       In an order dated December 31, 2007, I screened plaintiff's original complaint and determined that plaintiff's due process and Eighth Amendment claims had to be dismissed with prejudice because he had failed to state a claim upon which relief may be granted. I dismissed plaintiff's retaliation claims without prejudice because he had failed to provide the notice required by Fed. R. Civ. P. 8. However, I gave plaintiff an opportunity to amend his complaint to correct the pleading deficiencies in his retaliation claims.

1

Plaintiff did not file a motion for reconsideration of the December 31 order. Instead, on January 15, 2008, he filed an amended complaint that included the retaliation claims only. In an order dated January 25, 2008, I concluded that plaintiff's amended complaint satisfied Rule 8 and I allowed him to proceed against two defendants on a claim that they had refused to promote him through the prison's level system because of a lawsuit and grievances he had filed. Plaintiff filed his motion for reconsideration on April 10.

"[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward." Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999). Thus, if plaintiff wished to challenge the December 31 order, his time for doing so was before he filed an amended complaint. I cannot reconsider the dismissal of a complaint that is not the operative pleading in the case. However, even if I could consider plaintiff's motion on the merits, I would deny it. He has not shown that I erred in dismissing his claims under the Eighth Amendment and the due process clause.

Plaintiff also seeks reconsideration of the decision in the same order to issue a strike under 28 U.S.C. § 1915(g). He believes mistakenly that a strike is recorded only if a prisoner's "intent [is] malicious." Unfortunately for plaintiff, the standard is much broader than that. A district court must record a strike any time an action or appeal is "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). Although previously I had interpreted this provision to

2

mean that a strike should be recorded only when an entire case was dismissed for one of the stated reasons, the court of appeals has held that § 1915(g) applies when even one claim is dismissed. George v. Smith, 507 F.3d 605 (7th Cir. 2007). Because I dismissed multiple claims in plaintiff's complaint for his failure to state a claim upon which relief may be granted, George required that a strike be recorded.

ORDER

IT IS ORDERED that plaintiff Ontario Davis's motion for reconsideration of the December 31, 2007 order is DENIED.

Entered this 15th day of April, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge