IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ONTARIO A. DAVIS,

          Plaintiff,                               OPINION AND ORDER

v.                                                      07-cv-667-slc

TIM HAINES and ELLEN K. RAY,

          Defendants.

---

The question in this prisoner civil rights case is whether defendants Tim Haines and Ellen Ray refused to promote plaintiff Ontario Davis through the prison's level system on two occasions because of the many grievances that he filed at the prison. Defendants' motion for summary judgment is now before the court.

In its order screening plaintiff's complaint, this court explained that it was plaintiff's burden to prove his claim:

> Petitioner will have to come forward with *evidence* either at summary judgment or at trial that respondents denied his promotions because of the exercise of his constitutional rights. For example, petitioner will first have to prove that both respondents knew he had filed the lawsuit and grievances. *Salas v. Wisconsin Dept. of Corrections*, 493 F.3d 313 (7th Cir. 2007) (in retaliation case, plaintiff must show that defendant knew that plaintiff was engaging in protected conduct). However, such knowledge will not be sufficient by itself to prove his claims. Rather, he will have to show that similarly situated prisoners not engaging in similar protected conduct were treated better than he was, *cf. Scaife v. Cook County*, 446 F.3d 735, 739 (7th Cir.2006), or point to other evidence suggesting a retaliatory motive, such as suspicious timing or statements by a respondent suggesting that he or she was bothered by the protected conduct. *E.g., Mullin v. Gettinger*, 450 F.3d 280, 285 (7th Cir. 2006); *Culver v. Gorman & Co.*, 416 F.3d 540, 545-50 (7th Cir. 2005). Petitioner may also support his claim by coming forward with evidence that respondents' reasons for denying his promotion are pretextual, meaning that they are lies covering up their true retaliatory motives.

Order dated Jan. 23, 2008, dkt. 8.

Plaintiff has not met his burden in his response to defendants' summary judgment motion. Plaintiff has failed to present any evidence that Haines even knew that plaintiff had filed any grievances; absent proof that Haines knew about plaintiff's grievances, there is no causal connection between those grievances and any action Haines took regarding plaintiff. Although defendant Ray knew about plaintiff's grievances because she is an inmate complaint examiner, the facts do not show that these grievances played any role in the decision to deny his promotion to the next level. Plaintiff says only that Ray "mentioned something to the nature of me filing grievances all the time." *See* Plaintiff's affidavit, dkt. 33, ¶17. Plaintiff concedes that he *did* file grievances "all the time" (more than 75 of them, dkt. 33, ¶18), so it is hardly probative that the staff member who reviewed these grievances would make this observation.

The facts show that plaintiff was denied a level promotion because of past gang affiliation. Although plaintiff denies that he ever was in a gang, it is undisputed that his classification records state that he was. Even if these records were inaccurate, defendants did not create these records and there is no evidence that they had reason to believe that these records were inaccurate. Plaintiff does not point to any evidence suggesting that defendants did not honestly believe plaintiff was a gang member, which is all that matters for the purpose of countering plaintiff's claim of unlawful retaliation. A genuine mistake is not a constitutional violation.

Because plaintiff has failed to present any evidence that defendants retaliated against him for filing grievances, defendants are entitled to summary judgment in their favor.

ORDER

IT IS ORDERED that the motion for summary judgment filed by Tim Haines and Ellen Ray is GRANTED. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 1st day of July, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge